UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-410-GWU

JAMES ELKINS,                                                                              PLAINTIFF,

VS.                        **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                        DEFENDANT.

## INTRODUCTION

James Elkins brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits (DIB). The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

07-410  James Elkins

 

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

>whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

     Additional information concerning the specific steps in the test is in order.

     Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

     Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Elkins, a 33-year-old former team leader, press operator, saw operator, print press operator, auto mechanic and material handler with a high school education, suffered from impairments related to lumbar spine degenerative disc disease with chronic back pain (being status post a laminectomy at L4-L5), multilevel, mild thoracic spine degenerative disc disease and gout.  (Tr. 18-19, 22-23).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of sedentary level work.  (Tr. 21-22).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 23).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 22-23).

07-410  James Elkins

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of DIB.  Therefore, the court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The hypothetical question presented to Vocational Expert Betty Hale included an exertional limitation to sedentary level work, restricted from a full range by such non-exertional limitations as (1) an inability to stand or walk for more than two hours in an eight-hour day; (2) a limited ability to push or pull with the lower extremities; (3) an inability to more than occasionally climb ramps or stairs, balance, stoop, kneel, and crouch; (4) an inability to more than occasionally reach or lift overhead; (5) a need to avoid concentrated exposure to full body vibration; and (6) an inability to drive for prolonged periods or ride in a vibratory vehicle.  (Tr. 397-398).  In response, the witness identified a significant number of jobs in the national economy which could still be performed.  (Tr. 398).  The ALJ relied upon this testimony to support the denial decision.

In April of 2006, Dr. Jennell Decker, Elkins' treating source, completed a Physical Capacities Evaluation Form upon which she identified a number of very severe functional restrictions. The doctor indicated that the plaintiff would be unable to sit, stand or walk.  (Tr. 341).  He would not be able to lift or carry more than 10

pounds occasionally. (Id.). Pushing and pulling was precluded as was bending, squatting, crawling, and climbing. (Id.). These are generally more severe limitations than those presented in the hypothetical question. The ALJ noted a number of reasons why he did not credit this opinion including his own observations of the claimant's general mobility and the plaintiff's activities. (Tr. 22). However, Dr. Decker was the only treating or examining medical source of record to specifically identify functional limitations during the relevant time period.[1] The physician's opinion was supported at least in part by objective medical data such as an MRI scan of the lumbar spine revealing significant worsening of the L4-L5 disc and spinal stenosis. (Tr. 329). His gait was noted to have become antalgic due to a herniated nucleus pulposus. (Tr. 285). Thus, this opinion provides at least some support for Elkins' claim even if not fully binding.

Dr. Phillip Tibbs examined Elkins in September of 2006[2] and noted that a lumbar MRI scan revealed degenerative changes at L4-L5 with central herniation. (Tr. 343). The plaintiff was noted to have probable mechanical instability. (Id.). Dr. Tibbs opined that the claimant was "disabled from all types of employment for

---

[1] Dr. John Gilbert imposed a number of restrictions on the claimant in December of 2003. (Tr. 208). However, this was before the plaintiff's alleged onset date of April 1, 2004. (Tr. 58).

[2] Dr. Tibbs had previously examined the claimant in October of 1999, well before the time frame pertinent to this appeal. (Tr. 123).

which he is qualified by experience or training." (Id.).  The ALJ rejected Dr. Tibbs' opinion as binding because this was an issue reserved to the Commissioner.  (Tr. 22).  The undersigned notes that Dr. Tibbs clearly took vocational factors such as Elkins' training and experience into consideration which were beyond his expertise and, so, the ALJ could properly reject this opinion as binding.  Nevertheless, this opinion does not support the administrative decision.

     Dr. Parandhamulu Saranga (Tr. 222-232) and Dr. Jorge Baez-Garcia (Tr. 248-254) each reviewed the record and indicated that Elkins would be restricted to a limited range of light level work including an inability to more than occasionally climb ladders, ropes or scaffolds, stoop, crouch and crawl.  The hypothetical factors presented to the vocational expert were compatible with these opinions.  An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion.  Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  In the present action, the reviewers saw the record in July and October of 1994 and, so, neither had the opportunity to see and comment upon the opinions of Dr. Decker and Dr. Tibbs which were not expressed until April and September of 2006.  (Tr. 341, 342).  Furthermore, Social Security Ruling 96-6p suggests that when the examining physician is also a treating source, then the reviewer must have seen a <u>complete</u> record which includes the opinion of a medical specialist who has provided more detail and comprehensive

07-410  James Elkins

information than the treating physician.  This does not appear to have been the case in this action.  Therefore, a remand of the action for further consideration is required.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved, and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 23rd day of September, 2008.

Signed By:

G. Wix Unthank

United States Senior Judge